UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| 232 W. MASON LLC, on behalf of itself and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF JACKSON, et al.,<br><br>    Defendants. | Case No. 24-cv-11051<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

I.   Introduction

232 W. Mason LLC ("Mason") commenced this 42 U.S.C. § 1983 action against the City of Jackson and several City code enforcement officials (the "City" collectively). The amended complaint alleges, among other things, that the City's code enforcement regime violates the procedural due process guarantees in the Fourteenth Amendment to the United States Constitution.

Before the Court is the City's motion to dismiss the amended complaint. (ECF No. 11). Mason responded in opposition. (ECF No. 13). The City filed a reply. (ECF No. 15). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II.     Background

    A.      *Factual History*

232 West Mason Street is residential property located in Jackson, Michigan. (ECF No. 5-3; ECF No. 5-33, PageID.647). Mason owns the property. (*Id.*). Loren Romain is Mason's sole member and resident agent. (ECF No. 5, PageID.430, 440, ¶¶ 26, 46; ECF No. 5-33, PageID.647).

Mason obtained three building permits from the City to perform roof replacement work at the property "beginning in October 2016." (ECF No. 5, PageID.432, ¶ 31). Mason's long-running dispute with the City began when it received a citation for housing code violations in April 2018. (*Id.*, PageID.439, ¶ 44). The citation pertained to structural deterioration in the roofs to the residence and an adjacent garage. (ECF No. 5-33, PageID.647). Mason claims that systemic procedural irregularities in the City's code enforcement scheme, along with the City's infringement of state law, hindered its defense to the housing code violations.

Mason eventually participated in an evidentiary hearing before the City's Administrative Hearings Bureau in February 2021. (ECF No. 5-33, PageID.647-50). Romain represented Mason in his capacity as the company's resident agent. (*Id.*, PageID.647). A City code enforcement official and the assistant director of the City's Department for Neighborhood & Economic Operations both testified. (*Id.*, PageID.647-48).

2

On April 20, 2021, an administrative hearings officer issued a post-hearing order finding that Mason had violated the City's housing code. (*Id.*, PageID.649). The order directed Mason to pay $320 in costs and $2,000 in fines. (*Id.*). It also provided that the City would reduce the fine to $1,000 in the event Mason "correct[ed] the violations, as verified by the City Inspector within 60 days" of the order's issuance. (*Id.*, PageID.650).

The administrative hearings officer informed Mason of its right to appeal the order to the Jackson County Circuit Court within 28 days. (*Id.*). Mason brought this lawsuit instead, almost three years later.

### B.    *Procedural History*

Mason filed the initial complaint on April 19, 2024. (ECF No. 1). The amended complaint alleges violations of procedural due process, unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, and unjust enrichment. (ECF No. 5, PageID.479-528, ¶¶ 130-272). Mason also seeks declaratory relief and an injunction prohibiting the City's Administrative Hearings Bureau from conducting proceedings until it complies with state law and local ordinances. (*Id.*, PageID.525-28, ¶¶ 263-72). The City now moves to dismiss the amended complaint in its entirety. (ECF No. 11).

3

III. <u>Legal Standards</u>

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

A plaintiff does not typically need to plead that his causes of action are timely to state a plausible claim for relief. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim"); *Jones v. Bock*, 549 U.S. 199, 216 (2007).  That is because the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). So it is usually inappropriate to dismiss a claim under Rule 12(b)(6) because of untimeliness. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Nonetheless, Rule 12(b)(6) dismissal is proper when the complaint's allegations affirmatively show that a claim is time-barred. *See Jones*, 549 U.S. at 215.

4

IV.   Analysis

    A.   *The Statute of Limitations – 42 U.S.C. § 1983 Claims (Counts I-VII)*

42 U.S.C. § 1983 claims arising in Michigan have a three-year limitations period. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020); *see also* Mich. Comp. Laws § 600.5805(2). The statute of limitations "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Garza*, 972 F.3d at 867 n.8 (quotation omitted).

Mason filed the initial complaint on April 19, 2024. (ECF No. 1). Yet nearly all the operative facts alleged in the amended complaint, even the February 10, 2021 evidentiary hearing, occurred before April 19, 2021 – the earliest date that any conduct could fall within the limitations period. So insofar as the section 1983 claims are predicated upon events that transpired before April 19, 2021, they are time-barred.[1]

---

[1] Although the putative class members' claims could have satisfied the statute of limitations, the classwide allegations cannot salvage Mason's untimely individual claims. *See Collins v. Vill. of Palatine*, 875 F.3d 839, 846 (7th Cir. 2017) (ruling that a plaintiff may longer act as the putative class representative when his individual claims are time-barred; "either another class representative must be found or the suit is kaput.") (quotation omitted); *see also Great Rivers Co-Op. of S.E. Iowa v. Farmland Indus.*, 120 F.3d 893, 899 (8th Cir. 1997) ("Inherent in Rule 23 is the requirement that the class representatives be members of the class . . . Here, Tacey is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class."); *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 556 (4th Cir. 1974) ("Furthermore, being barred from suit himself, Weinberger is not a member of the class he seeks to represent under section 16 and thus does not fulfill the first prerequisite of Fed. R .Civ. P. 23(a).").

5

B.     *Rooker-Feldman Doctrine – 42 U.S.C. § 1983 Claims (Counts I-VII)*

The only pertinent event that occurred after April 19, 2021 is the issuance of the administrative hearing officer's post-hearing order on April 20, 2021. (ECF No. 5-33, PageID.647-50). The post-hearing order directed the payment of costs and fines, which Mason now challenges in this lawsuit. (*Id.*, PageID.512, ¶ 206; *see also id.*, PageID.511, ¶ 205). But collateral attacks on state court decisions are barred under the *Rooker-Feldman* doctrine.

By way of background, the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000). We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

6

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-937 (6th Cir. 2002) (footnote omitted). Successfully asserting the *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction. *See Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326 (6th Cir. 2013); *see also Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004).

The key inquiry when deciding to invoke the doctrine is "whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Kovacic v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (cleaned up). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020); *see also Rugiero v. DiNardo (In re Rugiero)*, 502 F. App'x 436, 438 (6th Cir. 2012) (stating that the *Rooker-Feldman* doctrine also "prevents litigants from collaterally attacking final state court orders by filing new federal claims.").

Mason alleges that the costs and fines "levied" in the April 20, 2021 order are "unlawful." (ECF No. 5, PageID.512, ¶ 206; *see also id.*, PageID.511, ¶ 205). Because the source of these purported injuries is the state tribunal's order "itself" the *Rooker-Feldman* doctrine deprives this Court of the necessary subject matter jurisdiction to address Mason's post-April 19, 2021 section 1983 claims. *VanderKodde*, 951 F.3d at 402; *see also In re Rugiero*, 502 F. App'x at 438.

7

### C.     *Supplemental Jurisdiction (Counts VIII-XI)*

The dismissal of the section 1983 claims ultimately deprives the Court of original jurisdiction. Mason did not state a plausible claim for relief under section 1983, so there is no federal question left to decide. 28 U.S.C. § 1331.  And as the parties are not diverse – Mason is a Michigan limited liability company and the City is a Michigan municipality – jurisdiction over the remaining unjust enrichment claims is improper under 28 U.S.C. § 1332. (ECF No. 5, PageID.418, ¶ 1). *See Baker v. 3M*, 99 F. App'x 718, 721 (6th Cir. 2004) (stating that "[p]olitical subdivisions of a state . . . are citizens of the state for diversity purposes."); *Lenoir v. Porters Creek Watershed Dist.*, 586 F.2d 1081, 1089 n.9 (6th Cir. 1978) (same).

That leaves open the exercise of supplemental jurisdiction.  A district court "may decline to exercise supplemental jurisdiction over a claim" where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007).  Supplemental jurisdiction "should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

Here, the likelihood of multiple litigations is minimal. And the parties raise novel issues concerning the interplay between unjust enrichment and municipal enactments under state law. Because Michigan state courts are best suited to address those questions, the Court declines to exercise supplemental jurisdiction over the pendent unjust enrichment claims. Dismissal on this ground "is of course without prejudice." *Experimental Holdings*, 503 F.3d at 522.

D. *Declaratory and Injunctive Relief (Counts XII-XV)*

Lastly, Mason's claims for declaratory and injunctive relief are not actionable. Because there are no remaining substantive causes of action to litigate, the amended complaint fails to state any plausible entitlement to declaratory or injunctive relief. *See Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) ("A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred."); *see also Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) (same); *Saha v. Ohio State Univ.*, 259 F. App'x 779, 780 (6th Cir. 2008) (holding that injunctive relief is "unavailable when the underlying claims are properly dismissed."). Accordingly,

IT IS ORDERED that the City's motion to dismiss the amended complaint (ECF No. 11) is granted.

IT IS FURTHER ORDERED that any section 1983 claim that accrued before April 19, 2021 is dismissed with prejudice.

IT IS FURTHER ORDERED that the remaining claims are dismissed without prejudice.

Dated: August 14, 2025             s/ Robert J. White
                                                         Robert J. White
                                                         United States District Judge